UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1108 FMO (AFMx) | Date | April 21, 2020 |
|---|---|---|---|
| Title | Michael Grecco Productions, Inc. v. 8 Decimal Capital Management LLC | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Vanessa Figueroa | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Re: Dismissal For Lack of Personal Jurisdiction and/or Improper Venue

On February 3, 2020, plaintiff Michael Grecco Productions, Inc. ("plaintiff") filed a Complaint against defendant 8 Decimal Capital Management LLC ("defendant") alleging copyright infringement claims. (See Dkt. 1, "Complaint"). Plaintiff is a California corporation with its principal place of business in Santa Monica, California. (See id. at ¶ 4). Plaintiff alleges that defendant is a "Delaware limited liability company with its principal place of business [in] . . . San Francisco, California." (See id. at ¶ 5).

A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 571 U.S. 117, 127-128, 134 S.Ct. 746, 754-55 (2014). General jurisdiction applies when defendant's contacts with the forum state are "so continuous and systematic as to render [them] essentially at home in the forum State." Id. at 139, 134 S.Ct. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over nonresident defendant if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 285, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id., 134 S.Ct. at 1122.

"[F]or claims of copyright infringement[,] venue is proper in the district in which the defendant or his agent resides or may be found. The Ninth Circuit interprets [28 U.S.C. § 1400] to allow venue in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." Adobe Sys. Inc. v. Blue Source Grp., Inc., 125 F.Supp.3d 945, 959 (N.D. Cal. 2015) (internal citation and quotation marks omitted). As to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1108 FMO (AFMx) | Date | April 21, 2020 |
|---|---|---|---|
| Title | Michael Grecco Productions, Inc. v. 8 Decimal Capital Management LLC | | |

personal jurisdiction, the Ninth Circuit has noted that while "a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what Walden requires" and that "mere satisfaction of the test outlined in Washington Shoe, without more, is insufficient to comply with due process." Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1070 (9th Cir. 2017) (referring to Walden v. Fiore, 571 U.S. 277, 134 S.Ct. 1115 (2014) and Washington Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 670 (9th Cir. 2012)).

Here, plaintiff does not allege the basis upon which the court has personal jurisdiction over defendant. (See, generally, Dkt. 1, Complaint). Rather, plaintiff generally alleges venue is proper because "this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred." (Id. at ¶ 3). Plaintiff fails to adequately allege the connection between this District and defendant's alleged conduct and plaintiff does not sufficiently allege facts demonstrating that the events giving rise to this litigation occurred in this District. (See, generally, Dkt. 1, Complaint).

Based on the foregoing, IT IS ORDERED that no later than **April 28, 2020**, plaintiff shall file a First Amended Complaint setting forth allegations establishing that personal jurisdiction and venue are proper in this judicial district. Plaintiff is reminded that the First Amended Complaint must comply with the requirements of Fed. R. Civ. Proc. 8. Failure to file a First Amended Complaint by the deadline set forth above shall either: (1) be deemed as consent to the dismissal of the action for lack of personal jurisdiction or improper venue; and/or (2) dismissed for failure to prosecute and/or to comply with a court order. See Fed. R. Civ. P. 41; Baeza v. Baca, 700 F.Appx. 657 (9th Cir. 2017) (upholding dismissal for failure to prosecute); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388-89 (1962) ("expressly recogniz[ing]" the "inherent power" of a "court to dismiss sua sponte for lack of prosecution[.]").

| | | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | | vdr | |